Filed 11/12/20  P. v. Long CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>RICHARD MATTHEW LONG,<br><br>     Defendant and Appellant. | B302645<br><br>(Los Angeles County<br>Super. Ct. No. KA030371) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Richard Matthew Long petitioned to recall his sentence under the Three Strikes Reform Act of 2012 (the Reform Act). (Pen. Code, § 1170.126.)[1] He was convicted in 1996 as a felon in possession of a firearm, with four prior serious felony convictions. He was sentenced to 25 years to life. This court affirmed the judgment in *People v. Long* (May 29, 1997, B102577) [nonpub. opn.] (*Long I*).

The trial court denied appellant's petition, finding beyond a reasonable doubt that he was armed during commission of his offense and therefore ineligible for resentencing. Substantial evidence supports the court's finding. We affirm.

## FACTS AND PROCEDURAL HISTORY

### *Background*[2]

In the early morning hours of December 28, 1995, La Verne police officers made a routine traffic stop of a Volkswagen Beetle with a misaligned headlight. Appellant was half asleep in the front passenger seat. He smelled strongly of alcohol and appeared to be under the influence.

Appellant was patted down for weapons. He had an empty gun holster on his hip and .380-caliber bullets in his pocket, rolled in latex gloves. The car was searched. A loaded .380-caliber automatic pistol with a chambered round was under the front portion of the driver's seat; the butt of the gun was visible

---

[1] Undesignated statutory references are to the Penal Code.

[2] The facts are drawn from a partial transcript in our record of appellant's felony trial and from *People v. Long* (Mar. 28, 2018, B281280) [nonpub. opn.] (*Long II*). (See *People v. Guilford* (2014) 228 Cal.App.4th 651, 659–661 [court may look at the entire record, including a prior appellate decision].)

when an officer looked at the car's floorboard.  The gun fit in the holster appellant wore.

"The gun was registered to a James Smith, who told police he had lent the gun to the driver of the car, Gary Balch, a year earlier.  Balch admitted to police that he had borrowed the gun from Smith the previous year, and explained that he had it in his car the night of the traffic stop because he wanted to get rid of it.  Balch also told the police that he had just met appellant earlier that evening, and he was giving appellant a ride home." (*Long II, supra,* B281280.)

A jury convicted appellant of possession of a firearm by a felon.  (Former § 12021, subd. (a)(1).)[3]  The court found that appellant has four prior serious felony convictions:  Two for robbery, one for oral copulation, and one for residential burglary.  He was sentenced under the Three Strikes law to 25 years to life. (§§ 667, 1170.12.)  (*Long I, supra,* B102577.)

On appeal from the judgment, appellant challenged the legality of the police search; the fairness of his sentence; and a finding that his prior conviction for oral copulation was serious or violent.  He did not contest the sufficiency of the evidence supporting his conviction.  This court affirmed.  (*Long I, supra,* B102577.)

### *The Petition to Recall Appellant's Sentence*

Appellant petitioned for recall of his sentence under section 1170.126.  Using a preponderance of the evidence standard, the trial court denied the petition in 2017.  Appellant challenged the denial on appeal.  Citing *People v. Frierson* (2017) 4 Cal.5th 225

---

[3] Former section 12021 was repealed and replaced by section 29800, which became operative on January 1, 2012. (Stats. 2010, ch. 711, § 6.)

(*Frierson*), we reversed and directed the court to apply a different standard, i.e., it had to find beyond a reasonable doubt that appellant was armed during commission of the offense. (*Long II*, *supra*, B281280.)

On remand, the court appointed defense counsel and set a new eligibility hearing. The People argued that appellant is ineligible. The jury found him guilty beyond a reasonable doubt of being a felon in possession of a firearm. He wore a holster for a .380-caliber gun, had bullets of that caliber in his pocket, and a .380-caliber gun was on the floorboard within his reach.

Appellant replied that the gun was under the driver's seat and "no one ever saw Mr. Long in possession of the gun." He described the trial evidence in a manner that points to his innocence, i.e., that Balch, the driver, testified that he put the holstered gun under the driver's seat and did not tell appellant it was there. Balch previously told police "he had no idea how the gun ended up under the seat." Appellant argued that the facts did "not show beyond a reasonable doubt that Mr. Long knew that a gun was underneath the driver's seat, or that he had dominion and control or jointly possessed it."

### The Court's Ruling

The court found appellant ineligible for resentencing and denied his petition. It wrote, "Accepting that petitioner was found guilty beyond a reasonable doubt of possession of the pistol, the court now considers whether [he] had ready access to it for offensive or defense use." It concluded, "In the instant case, the gun was located beneath the driver's seat in a relatively small vehicle. . . . Petitioner would only have had to reach across and beneath the driver's seat to access the firearm. The pistol in the instant case was certainly available for offense or defensive use

4

by petitioner. The court finds, beyond a reasonable doubt, that petitioner was armed with a firearm in the commission of the offense of being a felon in possession of a firearm."

## DISCUSSION

The order is appealable. (§ 1237, subd. (b); *Teal v. Superior Court* (2014) 60 Cal.4th 595, 597.) We apply a substantial evidence standard of review. (*People v. Perez* (2018) 4 Cal.5th 1055, 1059, 1066 (*Perez*).) We determine if the evidence, viewed in the light most favorable to the ruling, is sufficient to support the finding that appellant is ineligible for resentencing. (*Ibid.; People v. Thomas* (2019) 39 Cal.App.5th 930, 935–936.)

The Reform Act "reduced the class of defendants who are eligible for indeterminate prison terms following a third felony conviction." (*Frierson, supra,* 4 Cal.5th at p. 229.) It "is intended to provide resentencing relief to low-risk, nonviolent inmates serving life sentences for petty crimes, such as shoplifting and simple drug possession" and to inmates who have not committed gun-related felonies. (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 799.)

Inmates serving an indeterminate life sentence under the original Three Strikes law may petition for resentencing. (*Perez, supra,* 4 Cal.5th at p. 1062.) The petition must specify the current felony plus all prior convictions resulting in a third strike sentence. (§ 1170.126, subd. (d).) The prosecution must establish the inmate's ineligibility beyond a reasonable doubt. (*Frierson, supra,* 4 Cal.5th at pp. 230, 234.)

An inmate may be eligible for resentencing if the current felony is not serious or violent. (§ 1170.126, subd. (e)(1).) Appellant's crime, felon in possession of a firearm, is not serious or violent; however, the eligibility inquiry continues to a second

5

step, determining whether he used or was armed with a firearm. (*People v. Brimmer, supra,* 230 Cal.App.4th at pp. 792–795.)

The Reform Act excludes instances that make the offense or offender particularly dangerous.  Resentencing is thus barred if "during the commission of the current offense, the defendant . . . was armed with a firearm."  (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2); *Perez, supra,* 4 Cal.5th at p. 1059.)  The trial court relied on this exclusion to deny appellant's petition.

"[A] person convicted of being a felon in possession of a firearm is not automatically disqualified from resentencing by virtue of that conviction;" rather, disqualification occurs if the person was *armed.*  (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1048; *People v. White* (2014) 223 Cal.App.4th 512, 519.)  "A defendant is *armed* if the defendant has the specified weapon available for use, either offensively or defensively. . . . '[I]t is the availability—the ready access—of the weapon that constitutes arming.' " (*People v. Bland* (1995) 10 Cal.4th 991, 997 (*Bland*); *Perez, supra,* 4 Cal.5th at p. 1065.)

The weapon need not be on the defendant's person.  For example, a defendant who leaves a loaded gun on a wall outside of a house is "armed" during commission of a burglary inside:  By temporarily divesting himself of a gun but "leaving it ready to hand, does not make him any less 'armed.' " (*People v. Garcia* (1986) 183 Cal.App.3d 335, 340, 350 [cited with approval in *Bland, supra,* 10 Cal.4th at p. 998].)  Similarly, a defendant guilty of possession of a firearm by a felon is "armed" with guns that are inside a house, even if he is arrested outside the front door.  (*People v. Elder* (2014) 227 Cal.App.4th 1308, 1317.)

A defendant with a loaded gun in his car at the time of arrest is "armed." In *People v. Searle* (1989) 213 Cal.App.3d 1091, the defendant was arrested outside his car. Police found a loaded gun in an unlocked container in the back of the car. The court concluded that he was armed, rejecting a claim that the gun "was merely stored in his car." (*Id.* at p. 1099.) The law deters persons " 'from creating a *potential for death or injury resulting from the very presence of a firearm at the scene of the crime.*' . . . [N]ot only was the gun located in the car from which appellant sold drugs it was also loaded. Accordingly, we conclude that the gun was available for use." (*Ibid.* [cited with approval in *Bland, supra,* 10 Cal.4th at p. 998].)

Substantial evidence supports the court's finding that appellant was armed. He was in the front passenger seat when police stopped the car, wearing a gun holster and carrying .380-caliber bullets in his pocket. Officers found a loaded .380-caliber gun with a chambered bullet within easy reach under the front portion of the driver's seat in the small vehicle. The gun was available and ready for offensive or defensive use. Appellant needed only a second or two to reach down and retrieve the firearm. Appellant's intoxication did not make the gun at hand less available or less dangerous, nor did it make him less armed.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

CHAVEZ, J.

HOFFSTADT, J.