Filed 2/18/21  P. v. Martinez CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JORGE ESTRADA MARTINEZ,<br><br>Defendant and Appellant. | B300317<br><br>(Los Angeles County Super. Ct. No. BA240842-01) |

APPEAL from an order of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Affirmed.

Judith Kahn, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

————————

Jorge Estrada Martinez, convicted in 2008 of first degree felony murder, appeals the superior court's postjudgment order denying his petition for resentencing under Penal Code section 1170.95[1] without appointing counsel or conducting an evidentiary hearing. Because the record of conviction establishes that Martinez was the actual killer of the victim, Claro Cortes, and, therefore, is not entitled to relief as a matter of law, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Martinez's Felony-murder Conviction*

As summarized in our opinion affirming Martinez's convictions (*People v. Martinez* (June 22, 2009, B209063) [nonpub. opn.]), Martinez and Jorge Flores Sandoval went to Cortes's hardware store to collect $6,000 Martinez claimed Cortes owed him for a drug transaction. Martinez and Sandoval were each armed with a 9-millimeter semiautomatic handgun. Sandoval walked into the store, saw Cortes speaking with a customer in one of the aisles and walked toward him. Martinez followed him into the store and approached Cortes's wife, Elvia Cortes, who stood at the cash register. Holding his gun, Martinez told Elvia it was a robbery and ordered her to open the cash register. Before she could open the register, shots were fired. Martinez ran to the back of the store where he saw Cortes shooting at Sandoval, who also had his gun drawn. In response Martinez fired at Cortes, emptying his entire clip, before running from the store. Cortes later died from multiple gunshot wounds.

Martinez and Sandoval were each charged with first degree murder (§ 187, subd. (a)) while engaged in the commission of an

---

[1]  Statutory references are to this code.

attempted robbery (§ 190.2, subd. (a)(17)), as well as two counts of attempted robbery (§§ 211 & 664). The information also alleged a principal was armed with a firearm during commission of the offenses (§ 12022, subd. (a)(1)), and each man had personally used and intentionally discharged a firearm proximately causing death (§ 12022.53, subds. (b), (c) & (d)).

The People tried the case before separate juries on a felony-murder theory. Martinez and Sandoval were each convicted of the first degree murder of Cortes and two counts of attempted robbery. The juries found true the special allegations that the murder had been committed while Martinez and Sandoval were engaged in the commission of an attempted robbery; a principal was armed with a firearm during commission of the offenses; and Martinez and Sandoval had personally used and personally and intentionally discharged a firearm. In addition, Martinez's jury, but not Sandoval's, found true the special allegation that he had personally used and intentionally discharged a firearm that proximately caused Cortes's death.

On appeal we rejected Martinez's and Sandoval's argument they were entitled to instructions on self-defense and second degree murder, made minor modifications to the fines imposed and custody credits awarded and, as modified, affirmed the judgments. (*People v. Martinez, supra*, B209063.)

2. *Martinez's Petition for Resentencing*

On May 31, 2019 Martinez, representing himself, filed a petition for resentencing under section 1170.95 and requested the court appoint counsel. In his petition Martinez declared he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019; he did not, with the intent to kill, aid or abet the actual killer in

3

the commission of murder in the first degree; and he was not a major participant in the underlying felony and did not act with reckless indifference to human life during the course of that felony.  Martinez did not check the box on the preprinted form petition stating he "was not the actual killer."

The superior court summarily denied the petition on June 13, 2019.  In its order denying the petition the superior court ruled section 1170.95 was unconstitutional—an argument not presented in this appeal by the Attorney General—and, in any event, Martinez was ineligible for relief because, "based upon the totality of the evidence presented at trial and the overall court record[,] the petitioner was indeed a major participant who acted with reckless indifference."

## DISCUSSION

1. *Senate Bill No. 1437 and the Section 1170.95 Petition Procedure*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), effective January 1, 2019, eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*))[2] and significantly limited the

---

[2]    New section 188, subdivision (a)(3), provides, "Except as stated in subdivision (e) of Section 189 [governing felony murder], in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  By requiring proof of malice except in cases of felony murder, Senate Bill 1437 thus eliminated natural and probable consequences liability for murder "regardless of degree." (*Gentile*, *supra*, 10 Cal.5th at pp. 848, 851.)

4

felony-murder exception to the malice requirement for murder. (See, e.g., *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 236; *People v. Bascomb* (2020) 55 Cal.App.5th 1077, 1081.)[3]

Senate Bill 1437 also authorized, through new section 1170.95, an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime. (See *Gentile*, *supra*, 10 Cal.5th at p. 859.) The petition must include a declaration the petitioner is eligible for relief under section 1170.95 and a statement whether the petitioner requests the appointment of counsel. (§ 1170.95, subd. (b)(1); see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 326-327 (*Verdugo*), review granted Mar. 18, 2020, S260493.)

If the petition contains all required information, section 1170.95, subdivision (c), prescribes a process for the court to determine whether an order to show cause should issue: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the

---

[3] New section 189, subdivision (e)—the exception to section 188, subdivision (a)(3)'s malice requirement for murder—permits a murder conviction for a death that occurred during the commission of certain serious felonies, absent proof of malice, when other specified circumstances relating to the defendant's individual culpability have been proved: the person was the actual killer; the person was not the actual killer, but, with the intent to kill, aided or abetted the actual killer in the commission of first degree murder; or the person was "a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply. . . .  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

The exact nature of this procedure is the focus of disagreement between *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1136, review granted March 18, 2020, S260598, *Verdugo*, *supra*, 44 Cal.App.5th 320, review granted, and the many subsequent cases that have agreed with their interpretation of section 1170.95, subdivision (c),[4] on the one hand, and *People v. Cooper* (2020) 54 Cal.App.5th 106, review granted November 10, 2020, S264684, on the other.

In *Verdugo* we held subdivision (c) prescribes a two-step process for the court to determine if an order to show cause should issue, "one made before any briefing to determine whether the petitioner has made a prima facie showing he or she falls within section 1170.95—that is, that the petitioner may be eligible for relief—and a second after briefing by both sides to determine whether the petitioner has made a prima facie showing he or she is entitled to relief."  (*Verdugo, supra,* 44 Cal.App.5th at p. 328, review granted.)

As to the first step, we explained, "[B]ecause a petitioner is not eligible for relief under section 1170.95 unless he or she was

---

[4]     See, e.g., *People v. Soto* (2020) 51 Cal.App.5th 1043, 1054, review granted September 23, 2020, S263939; *People v. Drayton* (2020) 47 Cal.App.5th 965, 975; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1177, review granted June 24, 2020, S262011.

convicted of first or second degree murder based on a charging document that permitted the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine (§ 1170.95, subd. (a)(1), (2)), the court must at least examine the complaint, information or indictment filed against the petitioner; the verdict form or factual basis documentation for a negotiated plea; and the abstract of judgment.  Based on a threshold review of these documents, the court can dismiss any petition filed by an individual who was not actually convicted of first or second degree murder.  The record of conviction might also include other information that establishes the petitioner is ineligible for relief as a matter of law because he or she was convicted on a ground that remains valid notwithstanding Senate Bill 1437's amendments to sections 188 and 189." (*Verdugo*, *supra*, 44 Cal.App.5th at pp. 329-330, review granted.)  A petitioner is entitled to appointment of counsel, we held, only if the superior court does not determine he or she is ineligible for relief as a matter of law at this first subdivision (c) prima facie review.  (*Id.* at p. 332; accord, *People v. Lewis*, *supra*, 43 Cal.App.5th at p. 1140, review granted.)

The court in *People v. Cooper*, *supra*, 54 Cal.App.5th 106, review granted, disagreed that section 1170.95, subdivision (c), contemplates two separate steps and held a petitioner is entitled to counsel upon the filing of a facially sufficient petition for relief that requests counsel be appointed. (*Cooper*, at p. 123.)  In the *Cooper* court's view, section 1170.95, subdivision (c)'s first sentence is simply "a topic sentence summarizing the trial court's task before issuing an order to show cause, and the following sentences . . . specify the procedure in undertaking that task," meaning there is only one prima facie review before an order to

show cause issues. (*Cooper,* at p. 118.) Thus, once a petitioner files a facially sufficient petition requesting counsel, the superior court must appoint counsel before performing any review under section 1170.95, subdivision (c). (*Cooper*, at p. 123.)

We do not find persuasive the *Cooper* court's interpretation of section 1170.95, subdivision (c). Unless we receive different instructions from the Supreme Court, we adhere to the analysis set forth in *Verdugo* and the cases that have followed it.[5]

Once the order to show cause issues, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1); see *Verdugo*, *supra*, 44 Cal.App.5th at p. 327, review granted.) At the hearing the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3); *People v. Rodriguez*, *supra*, 58 Cal.App.5th at p. 230; *People v. Lopez* (2020) 56 Cal.App.5th 936, 949, review granted Feb. 10, 2021, S265974; but see *People v. Duke* (2020) 55 Cal.App.5th 113, 123, review granted Jan. 13, 2021, S265309 [prosecutor must only prove a reasonable jury could find the defendant guilty of murder with the requisite mental state; "[t]his is essentially identical to the standard of substantial

---

[5] The Supreme Court will likely resolve this disagreement in *People v. Lewis*, *supra*, S260598, in which briefing and argument have been limited to the following issues: "(1) May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95? (2) When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)?"

evidence"].)[6] The prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens. (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 898-899, review granted Aug. 12, 2020, S263219; *People v. Drayton* (2020) 47 Cal.App.5th 965, 981.)

> 2. *The Superior Court Properly Considered the Record of Conviction To Determine Whether Martinez Was Eligible for Relief*

Because the People proceeded at trial solely on a theory of felony murder, Martinez contends his conviction for murder, without more, established the requisite prima facie case of eligibility for resentencing and argues the superior court erred in examining the record of conviction to summarily deny his petition. Martinez reads the requirement for a prima facie showing far too narrowly.

Pursuant to section 1170.95, subdivision (a), a prima facie showing of eligibility for resentencing requires evidence not only that an individual was charged with murder under a theory of felony murder or murder under the natural and probable consequences doctrine and convicted of first or second degree murder but also that he or she could not now be convicted of

---

[6]     In granting review in *People v. Duke*, S265309, the Supreme Court limited the issue to be briefed and argued to the following: "Can the People meet their burden of establishing a petitioner's ineligibility for resentencing under Penal Code section 1170.95, subdivision (d)(3) by presenting substantial evidence of the petitioner's liability for murder under Penal Code sections 188 and 189 as amended by Senate Bill No. 1437 (Stats. 2018, ch. 1015), or must the People prove every element of liability for murder under the amended statutes beyond a reasonable doubt?"

9

murder—that is, a prima facie case that he or she could not be convicted of malice murder as defined in section 188 or felony murder as now limited by section 189, subdivision (e). As we held in *Verdugo*, *supra*, 44 Cal.App.5th at pages 329 through 330 and 332, review granted, after determining the petition is facially sufficient and before appointing counsel, the superior court may examine the readily available portions of the record of conviction to determine whether the petitioner made this prima facie showing or whether the record of conviction established, as a matter of law, that he or she could still be convicted of first or second degree murder. (Accord, *People v. Tarkington*, *supra*, 49 Cal.App.5th at p. 898, review granted ["[t]he court must determine, based upon its review of readily ascertainable information in the record of conviction and the court file, whether the petitioner is statutorily eligible for relief as a matter of law"]; *People v. Offley* (2020) 48 Cal.App.5th 588, 597 ["[t]he trial court may examine the record of conviction"].) A court of appeal opinion, "whether or not published, is part of the appellant's record of conviction." (*Verdugo*, at p. 333; accord, *People v. Lewis*, *supra*, 43 Cal.App.5th at p. 1136, fn. 7, review granted ["[t]he record of conviction includes a reviewing court's opinion"].)

Even under *People v. Cooper*, *supra*, 54 Cal.App.5th 106, review granted, review of the record of conviction is proper on appeal to determine whether a petitioner is ineligible for relief as a matter of law. The *Cooper* court held, although a petitioner has a statutory right to counsel upon filing a facially sufficient section 1170.95 petition, the violation of that right is not structural error, and thus not reversible per se. As the same panel that decided *Cooper* explained in *People v. Daniel* (2020) 57 Cal.App.5th 666, 675, "[T]he failure to appoint counsel upon

10

the filing of a facially sufficient petition under section 1170.95 *is* susceptible to review for prejudice. [Citation.] And harmlessness is established if the record 'conclusively demonstrate[s] that [the petitioner] was ineligible for relief as a matter of law.'"[7] (Accord, *People v. Law* (2020) 48 Cal.App.5th 811, 826, review granted July 8, 2020, S262490 [any error in failing to appoint counsel was harmless because counsel would not have been able to demonstrate petitioner was eligible for resentencing]; *People v Edwards* (2020) 48 Cal.App.5th 666, 674, review granted July 8, 2020, S262481 [any error in failing to appoint counsel was harmless because petitioner did not fall within the provisions of section 1170.95 as a matter of law].)

### 3. *Martinez Is Ineligible for Resentencing as a Matter of Law as Cortes's Actual Killer*

Section 189, subdivision (e), which permits a felony-murder conviction only when specified facts relating to the defendant's

---

[7] The *Daniel* court held, to demonstrate prejudice, a petitioner has the burden of establishing it is reasonably probable that, if he or she had been afforded assistance of counsel, the petition would not have been summarily denied without an evidentiary hearing, the standard for state law error established in *People v. Watson* (1956) 46 Cal.2d 818, 836. (*People v. Daniel*, *supra*, 57 Cal.App.5th at p. 676.) There is no federal constitutional right to counsel under section 1170.95, subdivision (c). (*Daniel*, at p. 675 ["legislation 'intended to give inmates serving otherwise final sentences the benefit of ameliorative changes to applicable sentencing laws,' including Senate Bill No. 1437, does not implicate the Sixth Amendment"]; accord, *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1114-1115, review granted Nov. 13, 2019, S258175 [the retroactive relief afforded by Senate Bill 1437 "'is not subject to Sixth Amendment analysis'"]; see *People v. Perez* (2018) 4 Cal.5th 1055, 1063-1064.)

individual culpability have been proved, incorporates in subdivision (e)(3) the same requirements for proving the defendant acted with reckless indifference to human life as a major participant in one of the identified serious felonies as necessary for a felony-murder special-circumstance finding under section 190.2, subdivision (d). Based upon its review of the record, the superior court concluded Martinez had been a major participant in the attempted robbery of Cortes and his wife and had acted with reckless indifference to human life during those felonies, making him still liable for felony murder under section 189, subdivision (e)(3), and, therefore, ineligible for resentencing under section 1170.95 as a matter of law.

Martinez effectively concedes his jury's felony-murder special-circumstance finding on its face seems to satisfy the current requirements for a felony-murder conviction. Nonetheless, emphasizing that the factors properly considered in assessing such a felony-murder special-circumstance finding were clarified by the Supreme Court in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 nearly two decades after his conviction, Martinez argues he is entitled to an evidentiary hearing to assess his eligibility for resentencing in light of the *Banks/Clark* factors. In his respondent's brief the Attorney General contends any challenge to the sufficiency of a pre-*Banks/Clark* felony-murder special-circumstance finding must be raised in a petition for writ of habeas corpus, not a section 1170.95 petition—a position we recently rejected in *People v. Harris* (Feb. 16, 2021, B300410) ___ Cal.App.5th ___ [2021 Cal.App. Lexis 127]—and argues, in any event, the record of conviction established as a matter of law (that is, without any impermissible factfinding prior to an evidentiary hearing) that

12

Martinez's actions in Cortes's store met the *Banks/Clark* standards for a major participant acting with reckless indifference to human life.

We need not address the *Banks/Clark* issue in this case, however. As the Attorney General also argues, Martinez was ineligible for relief as a matter of law based on the jury's finding pursuant to section 12022.53, subdivision (d), that he had personally and intentionally discharged a firearm that proximately caused Cortes's death. Martinez, not Sandoval, was Cortes's actual killer.[8] As the actual killer, Martinez could be convicted of felony murder under section 189, subdivision (e)(1), and, therefore, as a matter of law was ineligible for resentencing under section 1170.95.[9] Indeed, we anticipated this exact situation in *Verdugo*, *supra*, 44 Cal.App.5th at page 330, review granted, where we gave as examples of an individual whose record of conviction could establish ineligibility for relief as a matter of law "a petitioner who admitted being the actual killer as part of a guilty plea or who was found to have personally and intentionally discharged a firearm causing great bodily injury or

---

[8] As discussed, Sandoval's jury found true that he had personally used and personally and intentionally discharged his firearm pursuant to section 12022.53, subdivisions (b) and (c), but not that he had personally and intentionally discharged his firearm proximately causing Cortes's death under section 12022.53, subdivision (d).

[9] Although the superior court did not base its decision to summarily deny Martinez's petition on this ground, we generally affirm a trial court's ruling if correct on any ground, even if the court's reasoning was incorrect. (See, e.g., *People v. Brooks* (2017) 3 Cal.5th 1, 39; *People v. Chism* (2014) 58 Cal.4th 1266, 1295, fn. 12.)

death in a single victim homicide within the meaning of section 12022.53, subdivision (d)."

Martinez attempts to avoid the clear meaning of the jury's findings by noting that the court of appeal in *People v. Offley*, *supra*, 48 Cal.App.5th 588 held the section 12022.53, subdivision (d), firearm enhancement in that case did not establish as a matter of law the petitioner could still be convicted of murder on a ground that remains valid after Senate Bill 1437. (*Offley*, at p. 598.) Martinez misreads the court's analysis in *Offley*, which has no applicability to evaluating the significance of a section 12022.53, subdivision (d), finding on an individual's liability for felony murder under current law.

In *Offley* the petitioner, one of five defendants who took part in a gang-related shooting, was charged with murder, attempted murder and shooting into an occupied vehicle. (*People v. Offley*, *supra*, 48 Cal.App.5th at p. 592.) Even though there was no separate conspiracy count, the People presented evidence of a conspiracy among the gang members; and the jury was instructed a member of a conspiracy is guilty not only of the particular crime he knows his confederates agreed to and committed, but also for the natural and probable consequences of any crime of a coconspirator to further the object of the conspiracy. (*Id.* at p. 593.) Offley was convicted of the three crimes charged, and the jury found true that he had personally used and intentionally discharged a firearm proximately causing death to the victim. (*Ibid.*)

The superior court summarily denied Offley's section 1170.95 petition at the first stage of the section 1170.95, subdivision (c), review as described in *Verdugo*, *supra*, 44 Cal.App.4th 320, review granted, based on the jury's true

14

finding of the firearm enhancement. (*People v. Offley*, *supra*, 48 Cal.App.5th at p. 597.) The court of appeal reversed. Offley had arguably been convicted of murder under the natural and probable consequences doctrine; he had not be charged with, and the jury was not instructed on, felony murder. In fact, shooting into an occupied vehicle—the only non-homicide-related charge against him—could not be the basis for a felony-murder conviction, even under the law prior to Senate Bill 1437. (See *People v. Chun* (2009) 45 Cal.4th 1172, 1200 [a killing during the course of an inherently dangerous assaultive felony, such as shooting into an occupied vehicle, is not felony murder].) Thus, the *Offley* court held Offley could now be convicted of murder only upon proof he had acted with express or implied malice when shooting the victim; and, "[b]ecause an enhancement under section 12022.53, subdivision (d) does not require that the defendant acted either with the intent to kill or with conscious disregard to life, it does not establish that the defendant acted with malice aforethought." (*Offley*, at p. 598.)[10] Elaborating on this point, the court explained, "The jury might have concluded that Offley intended to take part in a conspiracy to commit assault with a firearm, or to fire into an occupied vehicle, with

[10] The *Offley* court continued, "Of course, the trial court may look beyond the abstract of judgment and consider the entire record of conviction, including any prior Court of Appeal opinions in the case, in determining whether a petitioner has made a prima facie case of eligibility. [Citation.] In many instances, additional information from the record will establish that a defendant's conviction was not based on the natural and probable consequences doctrine, and that the jury must have convicted the defendant on the basis of his own malice aforethought." (*People v. Offley*, *supra*, 48 Cal.App.5th at pp. 598-599.)

the aim of either injuring or merely frightening Barrales. The jury could have then concluded that Barrales's death was the natural and probable consequence of the conspiracy and convicted [Offley] of murder without finding beyond a reasonable doubt that he acted with malice aforethought. For this reason, we cannot say that Offley 'is ineligible for relief as a matter of law.'" (*Id.* at p. 599.)

Here, in contrast to Offley, Martinez was convicted of felony murder (murder during the commission of attempted murder). Today, under section 188, subdivision (e)(1), if a death occurs during an attempt to perpetrate a robbery, the actual killer is guilty of first degree felony murder without the need to prove he or she acted with express or implied malice. Accordingly, whatever it may or may not prove with regard to malice, the section 12022.53, subdivision (d), finding in this single victim case unequivocally established Martinez was the actual killer of Cortes and is ineligible as a matter of law for resentencing under section 1170.95.

## DISPOSITION

The order denying Martinez's petition for resentencing is affirmed.

PERLUSS, P. J.

We concur:

SEGAL, J.

FEUER, J.

16