Filed 9/22/21  P. v. Beckett CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT BECKETT, JR.,<br><br>    Defendant and Appellant. | B315891<br><br>(Los Angeles County<br>Super. Ct. No. A959057) |

APPEAL from an order of the Superior Court of Los Angeles County, Kerry R. Bensinger, Judge.  Affirmed.

Elizabeth K. Horowitz, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Robert Beckett, Jr., appeals the trial court's order denying his petition for vacatur of his murder conviction and resentencing under Senate Bill No. 1437 (Senate Bill 1437) and former Penal Code section 1170.95 (Pen. Code, § 1172.6),[1] following an order to show cause and hearing pursuant to subdivision (d)(3).[2]

On appeal, Beckett argues that this court should review the record independently, rather than reviewing the trial court's ruling for substantial evidence in accord with all cases the courts of appeal have published to date.

We reject the argument and affirm the trial court's order.

## FACTS AND PROCEDURAL HISTORY

### *The Underlying Convictions*

The following facts are uncontradicted:  In 1981, Beckett's father had recently broken up with his girlfriend and told his son that to get over the relationship he needed to rape and kill a girl. He wanted Beckett to procure the girl for him.  They worked together to make a sap that they planned to use as the murder weapon.  Beckett met Tracey Stewart for a date and brought her back to his father's house.  Beckett took Stewart into his father's bedroom, where she was ordered to undress.  Beckett then left Stewart alone in the bedroom with his father, who raped her.

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

[2] All further statutory references are to the Penal Code unless otherwise indicated.

Afterwards, Beckett and his father took Stewart to a van. Beckett hit Stewart in the head with the sap twice, and then attempted to strangle and gag her. He was not able to kill her, so his father told him to get out of the way and then killed Stewart himself. The two men taped a plastic bag around Stewart's head and drove her to an unpopulated area where they dumped her body.

Several years later, Beckett confessed to the crimes. At trial, Beckett was prosecuted for murder: (1) as a perpetrator acting with express or implied malice, (2) as a direct aider and abettor of willful, premeditated, and deliberate murder, (3) as an aider and abettor under the natural and probable consequences doctrine, and (4) under a theory of felony murder with rape as the underlying felony. The jury convicted Beckett of rape and first degree murder. The trial court sentenced Beckett to 25 years to life in prison. On appeal in 1992, another panel of this court affirmed the trial court's judgment in its entirety. (*People v. Beckett* (Aug. 18, 1992, B044676) [nonpub. opn.].)

In 1995, Beckett testified against his father in his father's trial for Stewart's rape and murder. Although there were some differences between Beckett's confession and the testimony he gave at his father's trial—predominantly concerning his own mental state—his confession and testimony were largely consistent, and consistent with the facts recited in this opinion.

### Petition for Resentencing Under Section 1170.95

On April 1, 2020, Beckett filed a petition for vacatur of his murder conviction and resentencing pursuant to former

3

section 1170.95. The prosecution opposed the petition and Beckett replied. The trial court issued an order to show cause.

On September 15, 2021, the trial court held an evidentiary hearing under former section 1170.95, subdivision (d)(3). Beckett's counsel and the prosecutor agreed that the record of the underlying trial in Beckett's case and Beckett's testimony in his father's case were admissible. The parties jointly submitted a binder of excerpts from those records, which the trial court considered in making its ruling.

Beckett testified in support of his petition. On direct examination, Beckett stated he had nothing to add to his prior testimony at his father's trial. On cross-examination, Beckett testified that he hit Stewart with the sap twice, and that he and his father put her in the van. He further testified that he choked Stewart by putting his arm around her neck and then placing two fingers down her throat. Beckett then told his father, "I can't do this." Beckett's father became angry, said that he would do it, and told Beckett to get out of the way. Beckett got into the van. Beckett's father killed Stewart. Beckett's father then drove the van away from the scene with Beckett in the front passenger seat. They traveled southeast. Beckett's father stopped the van and they disposed of Stewart's body.

The prosecutor argued that Beckett directly aided and abetted a willful, deliberate, premeditated murder. Alternatively, Beckett was liable for first degree felony murder because he intended to kill the victim and was a major participant in the underlying rape who acted with reckless indifference to human life.

Defense counsel argued that Beckett's testimony at his father's trial, which painted him in a somewhat better light than

4

his confession, should be viewed as the credible version of events. Counsel asserted that although no new facts had surfaced through Beckett's hearing testimony, his demeanor was probative; Beckett presented as honest, and his responses were consistent with the trial record. Counsel further argued that the theory that Beckett was a direct aider and abettor of murder was inconsistent with the felony-murder theory of liability. Finally, counsel argued that Beckett's father "was in complete control of [Beckett], who was then a young, vulnerable son, who worshipped the man, evil as he was, and who did not have the power to resist orders from his father."

The prosecutor responded that the facts demonstrated that the rape and the murder were planned in advance.

The matter was submitted, and the court informed the parties it would issue a written ruling.

In its written order dated September 30, 2021, the trial court denied the petition, finding that the People proved beyond a reasonable doubt that Beckett was ineligible for resentencing because he was liable for first degree murder under the felony murder doctrine as a major participant who acted with reckless indifference human life, and also liable as a direct aider and abettor to willful, deliberate, and premeditated murder.

## DISCUSSION

### *Section 1172.6*

As relevant here, pursuant to section 1172.6, a defendant must file a petition in the sentencing court averring that: "(1) A complaint, information, or indictment was filed against the

5

petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . [;] [¶] (2) The petitioner was convicted of murder . . . following a trial . . . [;] [¶] [and] (3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subds. (a)(1)–(3); see *id.*, subd. (b)(1)(A).)

Upon receipt of a petition meeting these requirements, the trial court will appoint counsel, if requested. (§ 1172.6, subd. (b)(3).) The prosecutor must file a response within 60 days of the service of the petition, and the petitioner may file a reply within 30 days of the response. (§ 1172.6, subd. (c).) When briefing has been completed, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (*Ibid.*) Within 60 days of issuance of the order to show cause, the trial court shall hold a hearing "to determine whether the petitioner is entitled to relief." (§ 1172.6, subd. (d)(3).)

"At the hearing . . . the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019. . . . The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens. . . . If the prosecution fails to sustain its burden of

proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (§ 1172.6, subd. (d)(3).) The trial court acts as the finder of fact when determining whether the prosecution has met its burden beyond a reasonable doubt. (*People v. Gentile* (2020) 10 Cal.5th 830, 855 [former "section 1170.95 requires the superior court to determine on an individualized basis, after considering any new or additional evidence offered by the parties, whether the defendant is entitled to relief"], superseded by statute on another ground as stated in *People v. Birdsall* (2022) 77 Cal.App.5th 859, 868.)

## *Analysis*

On appeal from the denial of his resentencing petition, Beckett has not argued that there is insufficient evidence to support the trial court's order under a substantial evidence standard of review. By failing to contest the sufficiency of the evidence, he has waived that challenge.[3] (See *People v. Duff* (2014) 58 Cal.4th 527, 550, fn. 9 [arguments not raised in opening brief are waived].)

---

[3] Beckett asserts that the trial court erred by failing to consider that he was only 20 years old at the time of the offenses. However, defense counsel argued that Beckett was young and vulnerable, and at the mercy of his father who had significant influence over his son. The issue was presented to the court, and absent any evidence to the contrary, we presume that the court considered counsel's arguments.

7

Instead, Beckett argues that this court should review the trial court's ruling independently, which he asserts is appropriate "[w]here the record in the lower court consists only of documentary evidence as opposed to live testimony." He argues that "this is particularly so where the live testimony that did occur, and is now being reviewed in transcript form, took place many years prior and was overseen by a different judge. In such circumstances, the decision being reviewed does not involve credibility assessments based on a witness's demeanor, and therefore no reason exists for the reviewing court to give the lower court's assessment deference."

Every published case by the Courts of Appeal to date has reviewed a trial court's denial of a former section 1170.95 petition following a hearing under subdivision (d)(3) for substantial evidence. (*People v. Sifuentes* (Sept. 22, 2022, A162225) ___ Cal.App.5th ___ [2022 WL 4138419]; *People v. Mitchell* (2022) 81 Cal.App.5th 575, 591 (*Mitchell*); *People v. Richardson* (2022) 79 Cal.App.5th 1085, 1090; *People v. Cooper* (2022) 77 Cal.App.5th 393, 412; *People v. Owens* (2022) 78 Cal.App.5th 1015, 1022; *People v. Clements* (2022) 75 Cal.App.5th 276, 298 (*Clements*); *People v. Ramirez* (2021) 71 Cal.App.5th 970, 985; *People v. Bascomb* (2020) 55 Cal.App.5th 1077, 1087; *People v. Williams* (2020) 57 Cal.App.5th 652, 663.)

In *Clements*, *supra*, 75 Cal.App.5th at page 301, the Court of Appeal, Fourth District, Division Two specifically held that *People v. Vivar* (2021) 11 Cal.5th 510, 524 (*Vivar*), upon which Beckett relies to argue that independent review is the correct standard on appeal, is inapposite. In *Vivar*, our Supreme Court held that independent review is appropriate when reviewing the denial of a petition to vacate a conviction under section 1473.7.

(*Vivar*, at pp. 523–528.) " 'A successful section 1473.7 motion requires a showing, by a preponderance of the evidence, of a *prejudicial* error that affected the defendant's ability to meaningfully understand the actual or potential immigration consequences of a plea.' (*Vivar*, at p. 517.)" (*Clements*, at p. 301.) Clements argued that the reasoning in *Vivar* should apply in the context of review of a denial of a former section 1170.95 petition following a hearing pursuant to subdivision (d)(3), where the evidence consists solely of a cold record and no testimony is presented. (*Clements*, at p. 301.) The Court of Appeal rejected the argument, observing that "our Supreme Court has held in the context of a Proposition 36 petition for recall of sentence that 'even if the trial court is bound by and relies solely on the record of conviction to determine eligibility, [where] the question . . . remains a question of fact . . . we see no reason to withhold the deference generally afforded to such factual findings.' (*People v. Perez* (2018) 4 Cal.5th 1055, 1066.)" (*Clements*, at p. 301.) The Court of Appeal concluded, "[in *Vivar*] the [Supreme] Court emphasized that the questions raised by a 1473.7 motion, 'while mixed questions, are predominantly questions of law.' (*Vivar*, at p. 524.) By contrast, the question whether Clements acted with reckless indifference to human life is predominantly a factual determination. We conclude that *Perez*, not *Vivar*, governs in the circumstances of Clements' appeal." (*Clements*, at p. 301.) The *Clements* court further noted "that the Supreme Court emphasized in *Vivar* that the 'embrace of independent review in this context is a product of multiple factors with special relevance here: the history of section 1473.7, the interests at stake in a section 1473.7 motion, the type of evidence on which a section 1473.7 ruling is likely to be based, and the relative

competence of trial courts and appellate courts to assess that evidence.' (*Vivar*, *supra*, 11 Cal.5th at p. 527.) The same factors don't support applying independent review in the context of reviewing a trial judge's ruling after a full hearing under section 1170.95 subdivision (d)(3)." (*Clements*, at p. 301.) We agree with the result reached by the *Clements* court.

Additionally, we note that Beckett's characterization of the evidence presented at his evidentiary hearing as a "cold record" is inaccurate. Beckett testified on his own behalf. Although the testimony was not prolonged, it provided the trial court the opportunity to observe Beckett's demeanor and assess his credibility. In fact, defense counsel attempted to capitalize on Beckett's demeanor during testimony in his arguments to the court. Counsel asserted that although no new facts had surfaced through Beckett's hearing testimony, "[t]he one thing that we did learn today or the one new thing we saw or the one new thing we heard is Mr. Beckett's demeanor. . . . [T]he demeanor that I saw was one of honesty, unhesitating response, response consistent with the trial record."

On appeal, Beckett disavows this position, arguing that his testimony was brief and " 'did not provide any new substantive information nor change the facts.' " In light of the nature and duration of the testimony, Beckett concludes that "[his] appearance added nothing to the record, and did not allow for any kind of credibility assessment. And notably, the trial court's evaluation of the case set forth in its memorandum of decision relied exclusively on the documentary evidence, without citation to appellant's inconsequential testimony."

Contrary to Beckett's assertions on appeal, his testimony, however brief or consistent, provided an opportunity for the trial

10

court to evaluate his credibility.  " 'Oral testimony of witnesses given in the presence of the trier of fact is valued for its probative worth on the issue of credibility, because such testimony affords the trier of fact an opportunity to observe the demeanor of witnesses.  [Citation.]  A witness's demeanor is " 'part of the evidence' " and is "of considerable legal consequence." ' "  (*In re M.M.* (2015) 236 Cal.App.4th 955, 964.)  "Testimony can be uncontroverted and yet be presented in a fashion that is unpersuasive for reasons not evident on a written record."  (*City of Manhattan Beach v. Superior Court* (1996) 13 Cal.4th 232, 262.)

The trial court did not state that its ruling was based solely on the documentary record.  In the absence of such a statement, we will not presume that the documentary evidence was the sole basis for its decision.  Counsel argued that Beckett's demeanor should be considered, and nothing in the record leads us to believe that the court ignored counsel's arguments.  This is not a "cold record" case.  Even if *Vivar* were applicable when reviewing the denial of a former section 1170.95 petition in cold record cases, it would not apply in the present case, where the defendant himself testified.  We affirm the trial court's order.

## DISPOSITION

The order denying resentencing under former Penal Code section 1170.95 is affirmed.


MOOR, J.

We concur:


RUBIN, P. J.


BAKER, J.