Filed 11/30/22  P. v. Sanders CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B319876 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA059122) |
| v. | |
| RICKY SANDERS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kelvin D. Filer, Judge.  Affirmed.

Ricky Sanders, in pro. per.; and Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Ricky Sanders appeals the trial court's order denying his petition for vacatur of his murder conviction and resentencing under former Penal Code[1] section 1170.95 (now § 1172.6),[2] following issuance of an order to show cause and hearing pursuant to subdivision (d)(3).

In 2001, the jury found Sanders guilty of first degree murder. (§ 187, subd. (a).) The jury found true the allegation that Sanders personally used and intentionally discharged a firearm in the commission of the offense (§ 12022.53, subd. (c)), and codefendant Andre Sheppard[3] personally used and intentionally discharged a firearm causing great bodily injury and death (§ 12022.53, subds. (b)–(d)). The trial court sentenced Sanders to 25 years to life in prison, plus 20 years for the firearm enhancement.

Sanders filed a petition for resentencing pursuant to section 1172.6 on January 7, 2019. The trial court found Sanders prima facie eligible for relief because he was tried under a felony murder theory of liability. The court issued an order to show cause and held an evidentiary hearing pursuant to section 1172.6, subdivision (d)(3). The superior court considered the record of conviction as well as new and additional evidence. On March 18, 2022, the court issued a written order denying Sanders's petition on the basis that the evidence established beyond a reasonable doubt that he was a major participant in the

---

[1] All further statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

[3] Sheppard is not a party to this appeal.

underlying robbery who acted with reckless indifference to human life.  Sanders timely appealed.

We appointed counsel.  After reviewing the record, counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).  On September 7, 2022, we advised Sanders that he had 30 days to submit any contentions or issues he wished us to consider.  Sanders filed a supplemental brief on September 26, 2022, and attached excerpts from the record of conviction with what appear to be his personal annotations, including strike-out words.

Sanders makes several contentions of trial error, including instructional error, the prosecution's violation of the duty to disclose exculpatory evidence, and complaints concerning the prosecutor's conduct and comments in closing argument.  These contentions of error are without merit.  Section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error." (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)  These are issues that were or could have been raised on direct appeal, and have long since been rejected or waived.[4]  None of

---

[4] Sanders asserts, without further argument or citation to precedent, that section 1172.6 violates the Sixth Amendment because it allows a judge rather than a jury to determine guilt.  This argument also lacks merit; the constitutional right to a jury trial does not attach where the issue is whether the petitioner is entitled to a reduced sentence, and not whether criminal liability should be imposed.  (*People v. Perez* (2018) 4 Cal.5th 1055, 1063–1064; *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1156 [the "Legislature's changes constituted an act of lenity that does not implicate defendants' Sixth Amendment rights"].)

these contentions undermine the decision of the trial court on the petition pursuant to section 1172.6.

Sanders also contends that the evidence was insufficient to support his conviction, arguing that there was insufficient evidence that a robbery occurred, that he knew a robbery was occurring, and that he intentionally discharged a firearm. Sanders's arguments center on his view of the facts and the weight that he feels the trial court should have given them. When reviewing the sufficiency of the evidence, " '[w]e do not reweigh evidence or reevaluate a witness's credibility.' " (*People v. Scott* (2011) 52 Cal.4th 452, 487.) Rather, we " ' "examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." ' " (*Ibid*.) Here, substantial evidence supports the trial court's finding that Sanders was a major participant in the underlying robbery, who acted with reckless indifference to human life.

Counsel requested that we conduct an independent review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436. Although it is unclear whether this court has an obligation to conduct an independent review under these circumstances (see *People v. Cole* (2020) 52 Cal.App.5th 1023), we have examined the entire record and are satisfied that no arguable issues exist.

## DISPOSITION

We affirm the trial court's order.

NOT TO BE PUBLISHED.


MOOR, J.

We concur:


BAKER, Acting P. J.


KIM, J.