Filed 1/26/23  P. v. Morgan CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C095040 |
| v. | (Super. Ct. No. CM017991) |
| JASON ERIC MORGAN, | |
| Defendant and Appellant. | |

In 2003, a jury convicted defendant Jason Eric Morgan of murder during the commission of a robbery, assault with a deadly weapon, and torture.  The jury also found true allegations that defendant personally inflicted great bodily injury and personally used a deadly weapon.  It was further determined that defendant had a prior serious or violent felony conviction and had served a prior prison term.  In 2004, the trial court sentenced defendant to an aggregate 66 years to life in prison.  This court affirmed the judgment. (*People v. Spain* (Aug. 1, 2005, C046182) [nonpub. opn.] (*Spain*).)

1

In 2019, defendant filed a petition for resentencing under Penal Code former section 1170.95 (now 1172.6).[1] (Stats. 2022, ch. 58, § 10; Stats. 2021, ch. 551.) Following an evidentiary hearing, the trial court denied the petition.

Defendant now contends that in considering his petition, the trial court made independent factual findings in violation of defendant's Sixth Amendment right to a jury finding of each fact essential to sustain a conviction. But because appellate courts have held that Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) is an act of lenity that does not implicate Sixth Amendment rights, we will affirm the trial court's order denying the petition for resentencing.

BACKGROUND

The facts underlying defendant's offenses are taken from our unpublished opinion in *Spain*. We granted defendant's motion to incorporate by reference the record on appeal in *Spain*.

In 2002, defendant and codefendant Anthony Eugene Spain attacked M.W. in a dispute over a methamphetamine sale. Defendant sliced M.W.'s throat and stabbed his leg. When M.W.'s brother D.W. intervened, Spain stabbed D.W. in the chest. Defendant and Spain fled with cash and cigarettes they took from M.W. M.W. survived but D.W. died from his injury. (*Spain, supra*, C046182.)

The People tried defendant on the theory that the murder was committed during a robbery. The jury was also instructed on other theories of murder, including first degree premeditated murder, second degree murder, voluntary manslaughter, and aiding and abetting. But the trial court did not give a natural and probable consequence instruction. (*Spain, supra*, C046182.) The jury convicted defendant of murder during the commission of a robbery (§ 187, subd. (a)), assault with a deadly weapon (§ 245,

---

[1] Undesignated statutory references are to the current versions of the Penal Code.

subd. (a)(1)), and torture (§ 206). The verdict did not specify the theory of murder upon which the jury relied. The jury also found true allegations that defendant personally inflicted great bodily injury on M.W. in the assault (§ 12022.7, subd. (a)), and personally used a deadly weapon in the commission of torture (§ 12022, subd. (b)(1)). In addition, it was determined that defendant had a prior serious or violent felony conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served a prior prison term (§ 667.5, subd. (b)).

The trial court denied defendant's motion to dismiss the prior conviction allegation and sentenced him to state prison for an aggregate term of 66 years to life. This court affirmed the judgment, and the California Supreme Court denied defendant's petition for review. (*Spain, supra*, C046182.)

After the enactment of Senate Bill 1437 in 2019, defendant filed a petition for resentencing. The trial court found that defendant had made a prima facie showing for relief and issued an order to show cause. Following an evidentiary hearing, the trial court determined defendant had a significant role in planning the criminal enterprise that led to D.W.'s death and that defendant demonstrated reckless indifference to the significant risk of death his actions would create. The trial court denied the petition.

## DISCUSSION

Defendant contends that in considering his petition, the trial court made independent factual findings in violation of defendant's Sixth Amendment right to a jury finding of each fact essential to sustain a conviction. He argues that because Senate Bill 1437 retroactively changed the elements of his crime, the trial court should not have engaged in factfinding on the new elements.

Senate Bill 1437, effective January 1, 2019, was enacted to amend the felony-murder rule and eliminate the natural and probable consequences liability for first and second degree murder. (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 849, superseded by statute as stated in *People v. Hola* (2022)

3

77 Cal.App.5th 362, 370.)  To that end, Senate Bill 1437 amended sections 188 and 189. As relevant here, section 188 now requires malice aforethought for a murder conviction (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2) and section 189 limits felony-murder liability to a person who was the actual killer, who assisted the actual killer with the intent to kill, or who was a major participant in the underlying felony and acted with reckless indifference to human life.  (§ 189, subd. (e); Stats. 2018, ch. 1015, § 3.)

Under the Sixth Amendment, any fact, other than a prior conviction, that increases the statutory maximum penalty for a crime must be submitted to a jury and proved beyond a reasonable doubt.  (*Apprendi v. New Jersey* (2000) 530 U.S. 466, 476 [147 L.Ed.2d 435].)  The *Apprendi* rule, however, does not apply to sentence modification schemes that authorize courts to reduce otherwise final sentences.  (*Dillon v. U.S.* (2010) 560 U.S. 817, 828 [177 L.Ed.2d 271]; *People v. Perez* (2018) 4 Cal.5th 1055, 1063.) These schemes do not "increase the prescribed range of punishment; instead, they affect only the judge's exercise of discretion within that range."  (*Dillon*, at p. 828.)  "[T]he exercise of such discretion does not contravene the Sixth Amendment even if it is informed by judge-found facts."  (*Id.* at pp. 828-829.)

Appellate courts have held that Senate Bill 1437 is an act of lenity that does not implicate Sixth Amendment rights.  (*People v. Silva* (2021) 72 Cal.App.5th 505, 520; *People v. James* (2021) 63 Cal.App.5th 604, 610 (*James*); *People v. Howard* (2020) 50 Cal.App.5th 727, 740; *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1156.) Defendant nevertheless argues Senate Bill 1437 is different from other ameliorative sentencing adjustments.  But caselaw is not in defendant's favor.  Senate Bill 1437 does not increase the punishment for murder.  Rather, it provides trial courts with the discretion to set aside a murder conviction under certain circumstances.  "[T]he Legislature . . . may choose to modify, limit, or entirely forbid the retroactive application of ameliorative criminal law amendments."  (*People v. Conley* (2016) 63 Cal.4th 646, 656.)  Thus, the Legislature was free to limit the relief offered in Senate Bill 1437 to

4

"the convicted person prevailing at an evidentiary hearing conducted pursuant to the non jury procedure set forth in section [1172.6]." (*James, supra*, 63 Cal.App.5th at pp. 610-611; see *People v. Flint* (2022) 75 Cal.App.5th 607, 617 [the Legislature intended to enact section 1172.6 as the retroactive component of Senate Bill 1437].)

Because Senate Bill 1437 does not implicate defendant's Sixth Amendment rights, we need not address his argument that the trial court must review his petition under *Chapman v. California* (1967) 386 U.S. 18 [17 L.Ed.2d 705].

DISPOSITION

The trial court's order denying the petition for resentencing is affirmed.

_____/S/_____<br>
MAURO, J.

We concur:

_____/S/_____
ROBIE, Acting P. J.

_____/S/_____
HULL, J.