Filed 7/31/25  P. v. Johnson CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>LAMONT JOHNSON,<br><br>     Defendant and Appellant. | B337552<br><br>(Los Angeles County Super. Ct. No. KA080251) |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Affirmed.

George Schraer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, Eric J. Kohm and David F. Glassman, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Lamont Johnson's (defendant's) Penal Code section 1172.75 petition for resentencing asked the trial court to strike certain sentencing enhancements that were no longer valid under current law and to proceed with a plenary resentencing.[1] The court held a resentencing hearing, struck the invalid enhancements, and declined to otherwise reduce defendant's sentence. We are asked to decide whether the trial court erred when it reimposed an upper term sentence that defendant originally received for one of his convictions based on aggravating factors he did not admit and a factfinder did not find true.

## I. BACKGROUND

### A.  *Defendant's Conviction*

In 2013, a jury found defendant guilty of two counts of residential burglary and one count of receiving stolen property. At sentencing, and based on defendant's admission to having sustained certain prior convictions, the trial court imposed a Three Strikes law 25 years to life prison sentence on one of the residential burglary counts, plus ten years for defendant's two section 667, subdivision (a)(1) prior conviction enhancements and two years for two prior prison term enhancements under section 667.5, subdivision (b). The court imposed the same sentence for the second count of residential burglary and ordered the sentences to run consecutively.

The court sentenced defendant to the upper term of three years on the receiving stolen property count, which was doubled

---

[1] Undesignated statutory references that follow are to the Penal Code.

to six years pursuant to the Three Strikes law. The court explained its selection of the upper term for the receiving stolen property count on the record. According to the court, "Defendant[ had an] extensive record of theft offenses. Defendant was on parole at the time of this offense. Defendant had just been released from prison two weeks prior to this offense and the facts of the case support involvement in the more serious crime of residential burglary. Though not convicted of burglary, the burglary was ongoing since defendant was still fleeing the scene of the burglary." In addition, the trial court imposed two section 667.5, subdivision (b) prior prison term enhancements, resulting in a total sentence of eight years, in connection with the receiving stolen property conviction.

Defendant appealed, and a prior panel of this court affirmed his conviction. (*People v. Johnson* (Sept. 16, 2014, B249922) [nonpub. opn.].)

### B.    *The Resentencing Proceedings*

In June 2023, defendant filed a section 1172.75 petition asking the court to strike the six section 667.5, subdivision (b) prior prison term enhancements the trial court imposed at his sentencing.[2] Defendant argued (among other things) there was

---

[2]    We reiterate *post*, but section 1172.75 provides in most pertinent part: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid. [¶] . . . [¶] Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify

3

no justification under current law for sentencing him to the upper term on the receiving stolen property count because section 1170 had since been amended to provide that any aggravating factor relied on to impose the upper term must have been admitted by a defendant or found true beyond a reasonable doubt by a factfinder.

The People conceded defendant was entitled to have his section 667.5, subdivision (b) enhancements stricken but otherwise opposed his request for further relief. In the People's view, the court could reimpose the upper term on the receiving stolen property conviction if it conducted a full resentencing.

The court held a full resentencing hearing. The court struck all six of defendant's section 667.5, subdivision (b) prior prison term enhancements. But the court otherwise imposed the same sentence defendant initially received after trial, including the upper term sentence on the receiving stolen property conviction. With respect to that sentence specifically, the resentencing court explained it "d[id] not need to address it at this time" because defendant had originally received an upper term sentence.

## II. DISCUSSION

The resentencing court did not err in reimposing an upper term sentence for defendant's receiving stolen property

---

the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75, subds. (a), (d)(4).)

4

conviction.[3]  As we will explain, under section 1172.75, subdivision (d)(4), a court is not limited to imposing a middle term (or lower) sentence—absent aggravating factors admitted or proven true beyond a reasonable doubt—when a defendant originally received an upper term sentence.  That, of course, is the case here, and the trial court was therefore permitted to reimpose the same three-year sentence (doubled to six years) that defendant originally received.  In our view, there is no Sixth Amendment problem with that.

"Section 1172.75, subdivision (a), provides that a prior prison term enhancement [pursuant to section 667.5, subdivision (b)] imposed prior to January 1, 2020, is invalid, except for an enhancement imposed for a prior conviction for a sexually violent offense.  Section 1172.75, subdivision (c), provides that if the court finds that the defendant's current judgment includes an invalid prior prison term enhancement, the court must recall the sentence and resentence the defendant." (*People v. Superior Court* (*Guevara*) (2023) 97 Cal.App.5th 978, 984.)

"Resentencing pursuant to [section 1172.75] shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of

---

[3]     The Attorney General contends defendant's challenge to reimposition of the upper term is forfeited because there was no objection below on the grounds now urged.  We assume, only for the sake of argument, that there has been no forfeiture.

5

the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

We have just quoted certain provisions of subdivision (d) of section 1172.75 that generally bear on how a court may reduce a sentence under the statute, but section 1172.75, subdivision (d)(4) is the key statutory provision for the specific issue raised in this appeal. Subdivision (d)(4) provides: "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

Under this provision, a trial court holding a resentencing pursuant to the statute cannot impose greater than a middle term sentence unless there are admitted or found true aggravating factors—except in one circumstance: where a defendant received an upper term sentence at his or her original sentencing. That, as it happens, is the circumstance we have here, and the trial court therefore did not err in reimposing the upper term sentence without procuring an admission to aggravating factors from the defendant or convening a jury (now a decade after his conviction) to hear evidence on whether those factors are true beyond a reasonable doubt.

The Court of Appeal's decision in *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455 supports our conclusion.

6

That case explains the language of section 1172.75, subdivision (d)(4) reveals "the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) [to] apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing." (*Id.* at 466-467.) Defendant, however, urges us to conclude *Brannon-Thompson* is wrongly decided and follow *People v. Gonzalez* (2024) 107 Cal.App.5th 312 instead. The court in *Gonzalez* concluded section 1172.75, subdivision (d)(4) should be read to "simply *restrict the scope of defendants eligible to receive the upper term*" (*id.* at 329) principally because a plain meaning reading of subdivision (d)(4) akin to ours (and that of the *Brannon-Thompson* court) would contravene the Sixth Amendment. (*Id.* at 329-330 ["[I]f we were to accept the Attorney General's interpretation of section 1172.75, subdivision (d)(4) as an exception, this would potentially result in the statute impermissibly exempting defendants who previously received upper term sentences from the rule that eligibility for any upper term sentence depends on 'facts that have been established consistently with Sixth Amendment principles'"]; see also *id.* at 333 (conc. opn. of Bromberg, J.)).

We decline to adopt the interpretation of section 1172.75, subdivision (d)(4) espoused in *Gonzalez*. Our reading (and the *Brannon-Thompson* court's) is a more natural reading of the statutory text—as even *Gonzalez* comes close to conceding. (*Gonzalez*, *supra*, 107 Cal.App.5th at 328-329; see also *id.* at 333 (conc. opn. of Bromberg, J.).) We are also unconvinced, for two reasons, that the interpretation in *Gonzalez* is required to avoid declaring section 1172.75, subdivision (d)(4) unconstitutional under the Sixth Amendment. First, viewing section 1172.75 as a whole, it is obviously an ameliorative penal statute, i.e., a

7

measure to permit courts to reduce criminal sentences even though those sentences were lawful when imposed and otherwise final.  (See, e.g., § 1172.75, subd. (d)(1) ["Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed"].)  We doubt the Sixth Amendment has any application to this sort of sentence reduction legislation.  (See, e.g., *Erlinger v. United States* (2024) 602 U.S. 821, 835, fn. 1 [*Apprendi v. New Jersey* (2000) 530 U.S. 466 does not "prohibit legislatures from enacting reforms authorizing judges to *lower* sentences based on their own factfinding.  [Citation.]  The only thing judges may not do consistent with *Apprendi* is *increase* a defendant's exposure to punishment based on their own factfinding"]; *People v. Perez* (2018) 4 Cal.5th 1055, 1064.)  Second, and in any event, section 1172.75, subdivision (d)(4) operates as an exception to the factfinding requirements that otherwise generally apply under section 1170, subdivision (b), and Sixth Amendment considerations are necessarily informed by what the statutory scheme does—and in our case, does not—require.  (*People v. Lynch* (2024) 16 Cal.5th 730, 755-756 ["What we must decide is the extent to which [the right to a jury finding on aggravating facts] is tethered to the Sixth Amendment or is simply a state law entitlement.  Resolution of that question dictates the appropriate standard of review.  Although the question has constitutional implications, it is primarily one of statutory interpretation and legislative intent.  It is up to the Legislature to define what facts

are necessary to impose an upper term sentence. . . . Accordingly, in this context, what the Sixth Amendment requires is necessarily informed by what the state statutory scheme requires"].)  At defendant's resentencing, the only determination the court made to impose an upper term sentence on the receiving stolen property conviction was a determination that this was the sentence defendant originally received.

## DISPOSITION

The trial court's order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:


HOFFSTADT, P. J.


KIM (D.), J.

9